### Ex Parte J. A. McCarty.

#### No. 4175. Decided May 12, 1909.

**1.—Extradition—Fugitive from Justice—Jurisdiction—Change of Government.**

A mere change of form of government from territorial to State would not so alter the rights of the State or of the relator, that an offense committed under the territorial laws would not be subject to extradition if the indictment was not returned until after the territory became a State; there being no evidence that the offense for which relator is indicted had been abrogated under the new form of government in said change.

**2.—Same—Territorial Government—Form of Government.**

The mere transition of the form of government from territorial to State would not itself abolish the crime imputable to relator, if the act committed constituted a crime under the territorial law.

Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from habeas corpus asking a release of commitment under extradition proceedings.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Relator was arrested under authority of a warrant issued by the Governor of Texas honoring a requisition made upon said Governor by the Governor of Oklahoma for the return of relator to the State of Oklahoma to answer a charge preferred by indictment charging him with selling a false and forged check. Relator was arrested in Amarillo, Potter County, in

pursuance of the warrant issued by the Governor of Texas, and resorted to writ of habeas corpus for his discharge.

Relator relies, first, on the proposition that the offense having been committed before Oklahoma became a State in the Federal Union and while it was a territory, that the Governor of Oklahoma was without authority under the statutes to issue a warrant for relator's arrest or to make a demand upon the Governor of the State of Texas for his return to that State for trial. Second proposition is that the statutes of the United States did not authorize the Governor of Oklahoma to make requisition for a person charged with having committed an offense when such offense was committed prior to the time when such territory was declared to be° a State by Congress. The two propositions are practically the same. We are of opinion that relator's contentions are unsound. Under the Acts of Congress authority is provided for the extradition of fugitives from justice taking refuge in the territories, as well as authority for the territories to make the demand for fugitives from such territories to any State in the Federal Union where the fugitive has made his asylum. It would hardly be contended at this late day that the mere change of the form of government by peaceful, revolutionary or by any violent means, would in and of itself change the rights of the sovereignty or of the citizenship. It would take an affirmative act on the part of the sovereignty changing the form of government to affect the previous conditions of things or the attitude of the government towards the citizenship, either as to rights of person, things or property. The contention of relator here seems to be centered in the thought that a mere change of form of government from territorial to State would so alter the rights of the State or of the relator that an offense committed under the territorial laws would not be subject to extradition if the indictment was not returned until after the territory became a State. Before this proposition could be sound or urged the evidence would have to show that in changing the form of government, the offense of which relator stands indicted had been abrogated under the new form of government. The mere transition of the form of government from territorial to State would not of itself abolish the crime imputable to relator, if the act committed constituted a crime under the territorial law. There is nothing to indicate that the acts charged in the indictment were not criminal at the time they were committed and while Oklahoma was a territory, as well as at the time the indictment was presented.

As this record presents the matter, we are of opinion that the trial court correctly remanded relator to the custody of the officer to be returned to Oklahoma, the demanding State, for trial under the indictment set out in the transcript; and it is ordered that this judgment be affirmed.

*Affirmed.*